# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JULIAN EZRA WILLIAMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 24-1425-GBW |
| | ) |
| CHARLES BUTLER, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Julian Ezra Williams, who is currently housed at the Delaware Psychiatric Center and awaiting trial on Delaware state criminal charges, filed a complaint *pro se* and a motion to proceed *in forma pauperis*. (D.I. 1, 2.) This case is subject to this Court's *sua sponte* review and dismissal upon a determination that the pleading is frivolous or malicious, fails to state a claim, or seeks monetary relief from defendants who are immune from such relief. *See* 28 U.S.C. § 1915A(b). At this early stage of the case, this Court accepts the facts alleged in Plaintiff's *pro se* pleading as true, draws all reasonable inferences in his favor, and asks only whether Plaintiff's filing, liberally construed, contains facts sufficient to state a plausible claim. *See Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021).

According to the complaint, from July 8, 2020, to the present, a Delaware Superior Court judge, a state prosecutor, and two public defenders involved in

Plaintiff's criminal case violated Plaintiff's Fifth and Fourteenth Amendment rights by mishandling Plaintiff's case. (*See* D.I. 2 at 5-7.) The complaint also mentions that, on November 26, 2024, Plaintiff was assaulted by two inmates while he was in custody at the Howard R. Young Correctional Institution (HRYCI) in Wilmington, Delaware. (*Id.* at 7.) The complaint names no Defendants in connection with the alleged assault. Based on the foregoing, the complaint seeks Plaintiff's release from custody and dismissal of the pending Delaware state criminal charges. (*Id.* at 8.)

Upon review and consideration, the Court shall abstain from ruling on Plaintiff's claims involving his pending criminal charges. There is "a strong federal policy against federal-court interference with pending state judicial proceedings absent extraordinary circumstances," *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982), referred to as the *Younger* abstention doctrine, *see Younger v. Harris*, 401 U.S. 37 (1971). The *Younger* abstention doctrine applies when "(1) there are ongoing state proceedings that are judicial in nature; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal claims." *Schall v. Joyce*, 885 F.2d 101, 106 (3d Cir. 1989). In this case, Plaintiff is awaiting trial on criminal charges, and concerns regarding the proceedings can be taken up with the Delaware courts.

Additionally, it appears that Defendants are either immune from suit or otherwise cannot be sued in a § 1983 action. Section 1983 "provides that '(e)very

person' who acts under color of state law to deprive another of a constitutional right shall be answerable to that person in a suit for damages." *Imbler v. Pachtman*, 424 U.S. 409, 417 (1976) (quoting 42 U.S.C. § 1983). Yet a "judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009). Similarly, "prosecutors are absolutely immune from liability under § 1983 for their conduct in initiating a prosecution and in presenting the State's case." *Burns v. Reed*, 500 U.S. 478, 486 (1991) (internal quotation marks omitted). Furthermore, public defenders are generally considered private attorneys, not state actors or persons acting under color of law, for purposes of § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981). As stated, a § 1983 action can only be brought against a person acting under color of law. *See Imbler*, 424 U.S. at 417.

Plaintiff has filed four motions to amend the complaint, each with proposed amendments enclosed. (D.I. 6, 7, 8, 11.) Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court "freely give[s] leave [to amend] when justice so requires." Yet "undue delay, bad faith, dilatory motive, prejudice, [or] futility" may "justify a denial of leave to amend." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000). "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted" under the standard of Federal Rule of Civil Procedure 12(b)(6). *Lejon-Twin El v. Marino*, 722 F. App'x 262, 265 (3d Cir. 2018) (quoting

*Shane*, 213 F.3d at 115). Plaintiff's proposed amendments do not change the Court's assessment of Plaintiff's claims, as stated above, so the four motions to amend will be denied as futile.

AND NOW, this 25th day of June and based on the foregoing, IT IS HEREBY ORDERED:

1. The complaint (D.I. 2) is **DISMISSED** based on failure to state a claim, defendant immunity, and the *Younger* abstention doctrine.

2. Plaintiff's four motions to amend the complaint (D.I. 6, 7, 8, 11) are **DENIED** because the proposed amendments are futile.

3. Dismissal of the complaint is **without prejudice** to the filing of a *habeas* petition, should Plaintiff wish to seek relief from custody.

4. Dismissal of the complaint **is without prejudice** to the filing of an amended complaint, **on or before July 25, 2025**, which states § 1983 claims arising from the alleged assault at HRYCI only. **If no amended complaint is timely filed, this case will be closed**.

_____
The Honorable Gregory B. Williams
United States District Judge